Ernest **RODRIQUE**, Plaintiff,

v.

**YALE & TOWNE, INC.**, Defendant.

Civ. A. No. 8744.

United States District Court
D. South Carolina,
Florence Division.

March 12, 1966.

---

Dusenbury, Dusenbury & McKenzie, Florence, S. C., for plaintiff.

Wright, Scott, Blackwell & Powers, Florence, S. C., for defendant.

WYCHE, District Judge.

The above case is before me upon motion of the defendant "(1) To dismiss the action or in lieu thereof to quash the return of service of Summons on the grounds: (a) That the defendant is a corporation organized under the laws of Ohio and was not and is not subject to service of process within the Eastern District of South Carolina; (b) That the defendant has not been properly served with process in this action, * * *."

In this case the plaintiff alleges that The Columbia Supply Company of Columbia, South Carolina, a corporation organized and existing under the laws of the State of South Carolina, was distributing and selling, among other things, electrical hoists manufactured by the defendant Yale & Towne, Inc.; that on or about March, 1963, a sales agent of The Columbia Supply Company, negotiated and entered into a sales contract with plaintiff's company for one 10-ton hoist manufactured by the defendant; that this agent discussed the various characteristics, capacities and attributes of his product with the plaintiff and his employees and furnished the plaintiff's business

with various materials and brochures relating to the hoist; the hoist was shipped directly from one of the manufacturing plants in Arkansas to the plaintiff's machine shop in Florence, South Carolina; that the hoist was installed by the personnel of the plaintiff's business; that on or about August 10, 1963, the plaintiff commenced the operation of the electrical hoist and without any warning the hoist cable slipped out of its anchor causing the I-beams to crash down onto the floor of the gondola ricocheting across the gondola, striking the opposite side and pinning the plaintiff, causing serious and permanent injuries to the plaintiff.

The defendant has submitted affidavits in support of its motion showing that the defendant is an Ohio corporation and owns no property in South Carolina, nor has it been domesticated in the State of South Carolina; that it maintains no office or other representative in South Carolina for the purpose of transacting business therein; that it has a District Sales Manager for hoisting equipment only, and his territory includes North Carolina, Virginia, eastern part of Tennessee and northern part of South Carolina; the balance of South Carolina being handled out of the Birmingham office; that he calls on distributors who handle products of Yale & Towne, Inc., advising them of the type of equipment that Yale & Towne, Inc. manufactures and that is available for re-sale by the distributors; that he supplies the distributors with technical information, bulletins, and brochures; that Yale & Towne, Inc. never sells direct and all sales are made through its distributors; on occasions, at the request of a distributor, Yale & Towne, Inc. does ship through common carrier direct to the customer; Yale & Towne, Inc. does not deliver through its trucks but always uses common carriers; in case of a complaint by a consumer, Yale & Towne, Inc. has service men who are sent to investigate the complaints; in this case an investigator was sent from Philadelphia, Pennsylvania, to check the complaint of the plaintiff; at the request of the dis-

tributor, when it found that the Florence Machine Works was interested in buying a hoist, he called on the Florence Machine Works, together with a representative of the distributor and furnished information as to the equipment manufactured by Yale & Towne, Inc. in response to its requirements; that the actual sale was handled through the distributor; that in his regular course of business, he comes to South Carolina, on the average of once every six to eight weeks, although he is available upon call from any of Yale & Towne's distributors; that The Columbia Supply Company is a wholesale dealer of industrial supplies furnishing industrial users throughout the State of South Carolina; that among many other lines The Columbia Supply Company handles products and equipment manufactured and produced by Yale & Towne, Inc.; that when a customer needs a product manufactured or produced by Yale & Towne, Inc., if such product is not on the premises of The Columbia Supply Company, it will order the product and have it sent direct to the customer or to The Columbia Supply Company; if the latter method is used, then the product is reshipped by The Columbia Supply Company to the customer, but in all instances Yale & Towne, Inc. bills The Columbia Supply Company, which in turn bills the customer; The Columbia Supply Company has no connection or affiliation with Yale & Towne, Inc. except that Yale & Towne, Inc. is one of its suppliers; there is no written contractual relationship existing between The Columbia Supply Company and Yale & Towne, Inc.; that all shipments of products of Yale & Towne, Inc. to The Columbia Supply Company are made f. o. b. Yale & Towne, Inc.'s plant at Forrest City, Arkansas.

The plaintiff has submitted affidavits in opposition to the motion of the defendant from which it appears that the plaintiff's company contracted with The Columbia Supply Company for the purchase of the electric hoist involved in this case; that the agent of The Columbia Supply Company in executing the sale of the elec-

tric hoist used and displayed Yale & Towne, Inc. advertising material and brochures; that when difficulties were experienced in the operation of the electric hoist and agent and representative of Yale & Towne, Inc. inspected and consulted on the operation of the hoist in Florence; that the sale was made in South Carolina; inspection by agents of Yale & Towne, Inc. was made and regularly held themselves out as being available for consultation in South Carolina; that Yale & Towne has various distributors in South Carolina, including The Columbia Supply Company, who promote and sell along with manufacturer representatives of Yale & Towne, direct to businesses in South Carolina; that one such Yale & Towne manufacturer's representative resides in Charlotte, North Carolina, and regularly calls on distributors in South Carolina; upon information and belief, the said manufacturer's representative has been an agent and employee of Yale & Towne for more than ten years, that he attends and participates in sales meetings in South Carolina, with distributor representatives, that on occasion the manufacturer's representative of Yale & Towne makes sales in South Carolina directly to consumers in South Carolina; that the said manufacturer's representative and other agents and employees inspect and advise on manufactured articles of Yale & Towne and specifically on the hoist involved in this case; that the manufacturer's representative and his distributors, several in number, regularly distribute Yale & Towne advertising brochures and manuals promoting Yale & Towne products which are contracted for sale in this State, and which are shipped into and used in this State.

Service of the summons and complaint in this case has been made on The Columbia Supply Company of Columbia, South Carolina; on the Secretary of State, and on L. P. Jones, a factory representative of Yale & Towne, Inc., of Charlotte, North Carolina, while he was in South Carolina, on the business of the defendant.

The question involved in this controversy has been fully and ably presented by counsel for both parties by written briefs.

■ There is no precise test as to the corporate activities which will bring a corporation within the jurisdiction of the court and amenable to its process. Each case is determined according to its own facts. At one time, if an unlicensed foreign corporation engaged within a state solely in furthering interstate commerce, it was regarded as immune from effective service upon it in state court suits. A gradual retreat by the courts from such a position, accelerated in recent years, has enlarged the jurisdiction of the courts over such unlicensed foreign corporations.

In the leading case on the question of jurisdiction, involving interstate activities, International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 159, 90 L.Ed. 95, the Supreme Court said that "presence" in a state for the purpose of jurisdiction "has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also gave rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given."

■ Later decisions on this question follow the decision in the *International Shoe Company* case, supra, that it is only necessary that certain minimum contacts within the territory of the forum must be shown so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice, and the demands of due process "may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there." There is no general standard as to what constitutes "sufficient contacts" with the forum and the material factor is "the quality and the nature of the corporate activity, rather than mere quantity." The obvious doc-

trine of this decision is to require less corporate activity than was considered necessary prior to this decision as a basis for asserting jurisdiction. See, 49 A.L. R.2d 669.

■ The defendant's District Sales Manager's regular calls on the distributors of the defendant's products in South Carolina, advising them of the type of equipment the defendant manufactures, furnishing them with technical information, bulletins and brochures, being available upon call from any of the distributors, coming to South Carolina on the average of once every six to eight weeks, service men being sent by the defendant to investigate any complaints received as to defendant's products, in my opinion, provided those "minimum contacts" without which the "due process" clause of the Fourteenth Amendment would prevent state exercise of jurisdiction over a foreign corporation. The cause of action arose out of the use in South Carolina of one of the defendant's electric hoists. It has been purchased in South Carolina, from one of defendant's distributors. It was shipped from defendant's plant at Forrest City, Arkansas, directly to the plaintiff, and installed in South Carolina under the directions of the defendant. The plaintiff lives in South Carolina. The medical witnesses and accident witnesses reside in South Carolina, the defendant's representative came from Philadelphia to South Carolina, and consulted in South Carolina, and inspected the equipment in South Carolina; the 10-ton hoist is in South Carolina and the distributor from whom the hoist was purchased is in South Carolina. It is apparent from the record that the defendant had substantial contacts with the state of the forum, the cause of action arose there and maintenance of the action there "does not offend traditional notions of fair play and substantial justice."

For the foregoing reasons, it is my opinion that the defendant corporation was "doing business" within the State of South Carolina, at the time of the commencement of this action so as to render the defendant corporation amenable to process and the jurisdiction of this court. See, Shealy v. Challenger Manufacturing Company, C.A.4, 1962, 304 F.2d 102.

Having decided that the defendant is "doing business" in South Carolina, the service of process through the Secretary of State, under the provisions of Section 10–424, Code of Laws of South Carolina, 1962, was proper. It is therefore not necessary for me to pass upon the service had on the distributor and on defendant's District Sales Manager while in South Carolina on defendant's business.

For the foregoing reasons, it is my opinion that the motion of the defendant to dismiss this action or in lieu thereof to quash the return of service of process and the service of process, should be and the same hereby is denied, and

It is so ordered.

It is further ordered, that the defendant shall have twenty (20) days from the date of this Order to serve its answer or otherwise plead to the complaint in this action.